**IT IS ORDERED as set forth below:**



**Date: December 6, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | |
| **WILLIAM HOWARD DOUGLAS**, | **CASE NO. 19-51826-PMB** |
| Debtor. | CHAPTER 13 |
| **MELISSA J. DAVEY, CHAPTER 13 TRUSTEE**, | |
| Movant, | |
| v. | CONTESTED MATTER |
| **AUTOMOBILE ACCEPTANCE CORPORATION**, | |
| Respondent. | |

**ORDER OVERRULING CHAPTER 13
TRUSTEE'S OBJECTION TO PROOF OF CLAIM**

This matter comes before the Court on the *Objection to Proof of Claim of Automobile Acceptance Corporation, Claim Number 25* (Docket No. 49)(the "Objection") filed by Melissa J.

Davey, the duly appointed chapter 13 trustee in this case (the "Chapter 13 Trustee"), on September 12, 2019. On October 11, 2019, Automobile Acceptance Corporation (the "Respondent") filed its *Response in Opposition to Trustee's Objection to Proof of Claim (Doc. 49)* (Docket No. 52)(the "Response"). The Objection and Response came on for hearing on October 17, 2019 (the "Hearing"). At the Hearing, the Respondent requested that the parties be permitted to file supplemental briefs within seven (7) days, which request this Court granted.[1] On October 24, 2019, the Respondent filed its *Supplemental Brief in Support of Automobile Acceptance Corporation's Response in Opposition to Trustee's Objection to Proof of Claim* (Docket No. 54)(the "Supplemental Brief").

I. **FACTUAL AND PROCEDURAL BACKGROUND**

William Howard Douglas (the "Debtor") filed this Chapter 13 case on February 2, 2019. On February 4, 2019, the Court sent out a *Notice of Chapter 13 Bankruptcy Case* (Docket No. 9), which among other things provided notice of the bar date for non-governmental claims in this case of April 15, 2019 (the "Bar Date").

On February 19, 2019, the Respondent filed its *Motion to Modify Automatic Stay* (Docket No. 18)(the "Motion for Relief"). According to the Motion for Relief, the Respondent's claim against the Debtor arises from a note in the original principal amount of $6,018.00 and associated security agreement dated May 19, 2018 (*See* Docket No. 18)(the "Original Debt"). The Original Debt was secured by a 2016 Kawasaki VN900, which the Debtor scheduled as having a value of

---

[1] At the Hearing, counsel for the Chapter 13 Trustee indicated that the Chapter 13 Trustee would likely not provide any supplemental briefing on the matter. Counsel for the Debtor indicated the Debtor's support for the Objection and reserved the Debtor's right to file a supplemental brief during the seven (7) day window. Neither the Chapter 13 Trustee nor the Debtor ultimately filed a brief. Docket, *passim*.

$4,953.00. (Docket No. 1, Schedule A/B, Line 3.2)(the "Collateral").  With no opposition from the Debtor, this Court granted the Motion for Relief on March 13, 2019, in its *Order Granting Motion for Relief from Stay* (Docket No. 22)(the "Relief Order").  The Relief Order was not appealed and is final.

As noted above, the Bar Date was April 15, 2019.  The Respondent asserts that, as of the Bar Date, it had relief from the stay but was unable to locate the Collateral so that it could be liquidated.  The Respondent further asserts that it only located the Collateral after the Bar Date,[2] and it sold the Collateral on June 12, 2019, leaving a deficiency on the Original Debt of six-thousand two-hundred and five dollars and seventeen cents ($6,205.17)(the "Deficiency").[3]  More than four (4) months after the Bar Date, on August 21, 2019, the Respondent filed its proof of claim for the Deficiency.  (Claims Docket, Claim No. 25)(the "Proof of Claim").  In the interim, on August 1, 2019, the Debtor confirmed his Third Amended Plan (the "Plan"), which provided a one hundred percent (100%) payout to unsecured creditors.  *See* Docket Nos. 42, 46.  The Plan indicates that the Debtor will surrender the Collateral, and further provides as follows: "Any allowed unsecured claim resulting from the disposition of the [C]ollateral will be treated in Part 5

---

[2] The Respondent asserts that it attempted to recover and liquidate the Collateral immediately after entry of the Relief Order.  The Respondent represents that it took until April 23, 2019, eight (8) days after the Bar Date, to finally recover the Collateral due to difficulties in locating the Collateral.  (*See* Docket Nos. 29 and 52).

[3] According to the Respondent, the Original Debt of $6,018.00 resulted in a post-liquidation deficiency of $6,205.17 due to costs incurred, and interest accrued, over the life of the debt and during the Respondent's attempts to liquidate the Collateral.  The Respondent asserts that these costs include, among other expenses, accrued interest and fees ($100.35), the cost of retaking the Collateral ($975.00), the cost of preparing the Collateral for sale ($145.84), the cost of selling the Collateral ($87.00), and attorneys' fees and court costs ($1,243.00).

below." Part 5 of the Plan provides that unsecured claims will be paid one hundred percent (100%).

The Chapter 13 Trustee promptly objected to the Respondent's Proof of Claim because it was not filed before the Bar Date. The Respondent, in the Response, Supplemental Brief, and at the Hearing, did not contest that its Proof of Claim was filed after the Bar Date. Instead, the Respondent argued that the Objection should be overruled for two (2) reasons: (1) the Relief Order should be interpreted to allow the late Proof of Claim, or, in the alternative, (2) the Motion for Relief and other papers filed by the Respondent in this case functioned as an informal proof of claim. As to the first argument, the Respondent highlights that the Relief Order contemplates the Respondent will file a deficiency claim in the Debtor's case as soon as it is able to do so and urges this Court to interpret the Relief Order as extending the Respondent's deadline to file the Proof of Claim. Alternatively, the Respondent argues that because the Motion for Relief apprised the Court of the existence and nature of its claim and that it intended to hold the Debtor liable for it, the Motion for Relief should be construed as an informal proof of claim.

At the Hearing, the Chapter 13 Trustee addressed both of the Respondent's arguments. The Chapter 13 Trustee disagreed that the Relief Order could be interpreted to extend the non-governmental proof of claim deadline as to the Respondent. The Chapter 13 Trustee also disagreed with the assertion by the Respondent that a creditor could satisfy the proof of claim bar date in a Chapter 13 case by construing a filing made prior to the bar date as an informal proof of claim. In view of the Respondent's failure to file a timely proof of claim, which could be subsequently amended, the Chapter 13 Trustee asserts that the Bar Date is to be strictly construed and the Respondent's untimely Proof of Claim disallowed.

4

## II. LEGAL BACKGROUND

11 U.S.C. § 502(b)(9) provides, with exceptions not relevant here, that a claim will not be allowed if a proof of claim is not filed "timely". Generally, for cases filed under Chapters 7, 12, and 13, Federal Rule of Bankruptcy Procedure 3002(c) establishes the deadline for filing a timely proof of claim. Rule 3002(c) requires that a proof of claim be filed within "70 days after the order for relief under [Chapter 7, 12, or 13] . . . ." Fed. R. Bankr. P. 3002(c). Rule 3002(c) then sets forth seven (7) exceptions to this deadline. Id. at 3002(c)(1)–(7). These specifically enumerated exceptions are, as a general matter, read strictly and narrowly, *In re Gardenhire*, 209 F.3d 1145, 1151 (9th Cir. 2000), and an extension of time to file a proof of claim on other bases is generally not permitted. *See* Fed. R. Bankr. P. 9006(b)(3).

Although a proof of claim filed after the bar date that does not meet one of the exceptions will generally not be allowed, a proof of claim filed after the claims bar date may be construed as an amendment to an earlier filed proof of claim and may relate back to the earlier filing (*see generally* Fed. R. Bankr. P. 7015). This is no doubt the case where a prior proof of claim was actually filed on the claims docket. It can also be true where other documents filed with the court prior to the bar date constitute an "informal proof of claim". In the Eleventh Circuit, a filing may be considered an informal proof of claim where (1) it makes apparent that the creditor seeks to recover from the estate when the filing is made, and (2) it is filed before the claims bar date. *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1217 (11th Cir. 1985). Where an informal proof of claim has been "filed" prior to the bar date, a post-bar date proof of claim can be deemed to amend it and to relate back to the original "filing". *In re South Atlantic Financial Corp. (Biscayne 21*

5

*Condominium Association Inc, v. South Atlantic Financial Corp.)*, 767 F.2d 814, 819–20 (11th Cir. 1985).

In particular, a motion for relief from the automatic stay will serve as an informal proof of claim if it (1) apprises the Court of the existence, nature, and amount of a claim, (2) makes clear the creditor's intent to hold the debtor liable for that claim, and (3) was filed before the claims bar date.[4] *In re Charter Co.*, 876 F.2d 861, 863 (11th Cir. 1989); *see generally In re Int'l Horizons, Inc.*, 751 F.2d at 1217–18; *In re South Atlantic Financial Corp.*, 767 F.2d at 819–20. Where a motion for relief contains an express reservation of the creditor's right to pursue a deficiency in the bankruptcy after the disposition of the underlying collateral, such a motion should be construed as an "unambiguous assertion of a claim" against the debtor. *See In re Charter Co.*, 876 F.2d. at 864.

## III.   DISCUSSION

The Motion for Relief in this case contains the following content: (1) an assertion that the Respondent holds a loan secured by the Collateral; (2) a specific description of the Collateral; (3) the current balance of the loan; (4) the current value of the Collateral (which was asserted to be less than the amount of the loan, evidencing a deficiency); (5) copies of the relevant loan documents, including the note and security agreement; and (6) a request that the Court "[allow the Respondent] an unsecured claim for any deficiency." The Relief Order then granted the requested

---

[4] The 3rd, 5th, 6th and 10th Circuits have added another element to the requirements for an informal proof of claim — whether allowing it would be equitable given the facts of the case. *See In re Egan*, 526 B.R. 111, 114 (Bankr. S.D.N.Y. 2015)(collecting cases). In *Egan*, the Court found that a sophisticated creditor that knows of the bar date and is represented by a bankruptcy practitioner (all facts present here) should not benefit from this doctrine. Although it may be sensible to apply an equitable test in this context, the Eleventh Circuit has not adopted this additional requirement.

relief from the stay, holding in pertinent part that: "[u]pon liquidation of the vehicle, . . . should any deficiency exist after such disposition, [the Respondent] shall be entitled to file an amended unsecured proof of claim for said deficiency, subject to objections." Relief Order, p.2.

As to the Respondent's argument that the Relief Order extends the deadline for filing a proof of claim in the case, although the Relief Order is admittedly not a model of clarity, its terms do not appear to provide the suggested extension. Instead, they appear to presuppose a timely filed secured proof of claim, which the Relief Order would then permit to be amended to assert an unsecured deficiency claim after the Collateral was liquidated. There obviously was no such timely filed proof of claim filed here. This reading of the Relief Order is supported by the use of the word "amended" before "unsecured proof of claim," and by the phrase "subject to objections," which appears intended to preserve all objections to any such claim, including its timeliness. Consequently, the terms of the Relief Order do not extend the deadline for filing the Proof of Claim.

Conversely, the Respondent's numerous filings and submissions in this case made prior to the Bar Date,[5] including the Motion for Relief, must be construed as an informal proof of claim under prevailing Eleventh Circuit precedent.[6] These documents satisfy the test established by the

---

[5] The Respondent also submitted the proposed Relief Order for consideration by the Court. Relief Order at p. 3. Also prior to the Bar Date, on April 5, 2019, the Respondent submitted a *Motion for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Directing Debtor to Appear for Examination* (the "2004 Motion"), seeking to take an examination of the Debtor to learn, among other things, the location of the Collateral. Attached to the 2004 Motion was the docket of a pre-bankruptcy state court action filed by the Respondent against the Debtor seeking possession of the Collateral. The 2004 Motion was granted by an Order entered on April 10, 2019. Docket No. 30. All of these documents provide additional support for a finding that the first two (2) *Charter* requirements for an informal proof of claim were satisfied.

[6] Although all of the relevant Eleventh Circuit cases regarding an informal proof of claim are in Chapter 11 and not Chapter 13 cases, there is no basis in the Eleventh Circuit's analysis in those cases to differentiate between the various Chapters on this issue. Further, the theory behind an informal proof of claim, that it is filed before the deadline such

7

Eleventh Circuit for an informal proof of claim because they (1) clearly apprised this Court of the existence, nature, and amount of the Original Debt, (2) clearly established the Respondent's intent to hold the Debtor liable for the Deficiency, and (3) were filed before the Bar Date. The Proof of Claim is an amendment to that informal proof of claim.[7]

Accordingly, for the aforementioned reasons, it is **ORDERED** that the Objection is **OVERRULED**.[8]

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Respondent, counsel for the Respondent, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**

---

that the Court is not allowing a late claim but is only permitting the amendment of a timely one, applies equally in any Chapter. This Court appreciates that Chapter 13 relies on the timely filing of claims in ways that Chapter 11 does not; however, it is not the province of this Court to read consideration of that issue into precedents of Eleventh Circuit that do not contain or even suggest it.

[7] The propriety of finding the Proof of Claim to be timely in this case is bolstered by the Debtor's confirmed Plan, which appears to anticipate the filing of such a claim. *See infra* at p. 3–4; *In re Charter Co.*, 876 F.2d at 866 (mentioning the fact that the disclosure statement filed in the case took the claim into account as a fact relevant to the finding of an informal proof of claim). Conversely, neither the Chapter 13 Trustee or the Debtor asserted that confirmation of the Plan precluded allowance of the Proof of Claim.

[8] This Order is not a ruling on the propriety of the amount of the claim asserted in the Proof of Claim, to which the Debtor and Chapter 13 Trustee may still object.

8